UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, et al., | ) |
| Plaintiffs | ) ) ) |
| v. | ) 1:25-cv-00244-NT ) |
| BANGOR PUBLISHING COMPANY, INC., et al., | ) ) ) ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff Nathan Reardon[1] alleges that Defendants unlawfully deprived Plaintiff of liberty, due process, familial association, and reputation. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 5.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff claims that Defendants Bangor Daily News and its employee, Sawyer

---

[1] Plaintiff Nathan Reardon asserts he is bringing this action individually and as next friend of his minor children. (Complaint at 1.) As a non-attorney parent, however, he may not bring claims on behalf his children in federal court. *See Pineda v. Dep't of Child. & Fams.*, No. 16-12229-WGY, 2016 WL 6661143, at *2 & n.2 (D. Mass. Nov. 9, 2016); *see also Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases).

Loftus, published false, defamatory, and misleading articles about Plaintiff. According to Plaintiff, Defendant Mitchell Oswald, a United States Probation Officer, and the presiding judge in Plaintiff's criminal matter relied upon the false media accounts when making decisions regarding Plaintiff's criminal matter. Plaintiff seeks to assert claims of First Amendment retaliation, Fourth Amendment search and seizure, Fourteenth Amendment due process, defamation, false light, false imprisonment, civil conspiracy, and intentional infliction of emotional distress.

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551

U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

> Plaintiff's substantive allegations against the defendants consist of the following:
>
> Beginning in 2022, Defendant Bangor Daily News, acting through Defendant Sawyer Loftus, published false, defamatory, and misleading articles about Plaintiff Nathan Reardon.
>
> These articles falsely accused Plaintiff of conduct amounting to criminal violations and presented him in an extremely negative and inflammatory light, without factual basis and without proper verification.
>
> At Plaintiff's revocation and sentencing hearing held on October 13, 2023, Hon. Lance E. Walker admitted that public perceptions through media reports, including the Bangor Daily News, influenced his decision-making.
>
> Plaintiff Nathan Reardon was sentenced to an additional nine months in custody, based on biased and inaccurate media narratives rather than proper evidence.
>
> Defendant Mitchell Oswald unlawfully relied upon these false media accounts to justify aggressive probation actions against Nathan Reardon.
>
> Defendants acted with malice, recklessness, and in bad faith.

(Complaint at 3-4.)

Notably, Plaintiff does not include in his complaint the substance of the alleged statements or describe how Defendant Oswald unlawfully relied upon the media accounts. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's conclusory and unsupported allegations are insufficient to allege any actionable claims. *See Id.* (stating the pleading rules "demand[] more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation."); *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020) (stating a plaintiff must include "the crucial detail[s] of who, what, when, where, and how" in pleading).  Dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.[2]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2025.

---

[2] In an unrelated matter, Plaintiff requested my recusal, citing civil and judicial misconduct complaints that he asserts he has filed against me based on rulings I made in other matters involving Plaintiff.  *See Reardon v. Tegna East Coast Broadcasting, LLC*, No. 25-cv-00256-SDN.  To the extent Plaintiff contends I should recuse from this matter, for the reasons explained in the order on Plaintiff's motion to recuse in *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 25-cv-00256-SDN, I find no legal or factual basis for my recusal.